# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,

      Plaintiff,                                  Case No. 1:17cr053

      v.                                          Judge Michael R. Barrett

Evans Landscaping, Inc., *et al*.,

      Defendants.

## ORDER

This matter comes before the Court on a Motion to Dismiss by Defendants Evans Landscaping, Inc. and Doug Evans (Doc. 29); and a Motion to Dismiss by Defendant Jim Bailey (Doc. 28). The United States filed a consolidated Response (Doc. 31) and Defendants Doug Evans, Evans Landscaping, Inc. and Jim Bailey filed Replies (Docs. 32 and 34).

According to the Indictment, Evans Landscaping is an Ohio company headquartered in Cincinnati which performs demolition, site work, grading, hauling, recycling and landscaping services. (Doc. 7). Defendant Doug Evans is President of Evans Landscaping. Defendant Jim Bailey is Vice President of Operations for Evans Landscaping.

The United States has brought six counts against Defendants based on a scheme involving Defendants' use of a fraudulent shell company, Ergon Site Construction LLC ("Ergon"), to defraud various different governmental contract programs intended for disadvantaged business enterprises under the State of Ohio's Encouraging Diversity, Growth and Equity ("EDGE") program. The United States alleges that given the size and ownership of Evans Landscaping, it did not qualify under the EDGE program as a small business enterprise ("SBE"), minority business enterprise ("MBE"), women-owned business enterprise ("WBE") or

disadvantaged business enterprise ("DBE"). The United States alleges that Defendants created and controlled Ergon to obtain a fraudulent DBE certification from the State of Ohio and then obtain public contracts from the City of Cincinnati through Ergon.

Counts One and Two charge Evans Landscaping, Evans and Bailey with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349; Counts Three through Five charge Evans Landscaping, Evans and Bailey with Wire Fraud in violation of 18 U.S.C. § 1343; and Count Six charges Evans and Bailey with Misprision of a Felony in violation of 18 U.S.C. § 4.

The Court begins by noting that the elements of wire fraud under 18 U.S.C. § 1343 are: (1) "that the defendant devised or willfully participated in a scheme to defraud"; (2) "that he used or caused to be used an interstate wire communication in furtherance of the scheme"; and (3) "that he intended to deprive a victim of money or property." *United States v. Cunningham*, 679 F.3d 355, 370 (6th Cir. 2012) (quoting *United States v. Faulkenberry*, 614 F.3d 573, 581 (6th Cir. 2010)). Defendants do not address any of these elements specifically. Instead, the Evans Defendants argue that the charges against them should be dismissed under two theories. First, it is legally impossible for Ergon to be controlled by the Evans Defendants because it is a limited liability company which is wholly owned by a third party, Korey Jordan. Second, all contracts were fulfilled, which resulted in no potential or actual harm to the City or other public entities. In his Motion to Dismiss, Defendant Bailey joins the Evans Defendants in making the argument under the second theory.

Defendants' first argument fails because regardless of the legal documents -- which were drafted allegedly to perpetrate a fraud -- the issue of control is a question of fact to be determined by a jury. While the Evans Defendants rely on Ohio Revised Code § 1705.081 to argue that the control of a limited liability company is governed by the operating agreement, the statute only

2

lists the effect of the operating agreement and certain duties that the agreement cannot waive. In this instance, the United States alleges that Ergon was controlled and funded outside of the operating agreement. At trial, the United States has the burden of proving that the limited liability company was not functioning as it was chartered in order to prove the necessary "scheme to defraud." The Evans Defendants may not properly challenge the adequacy of the evidence at the pre-trial stage of the proceedings. "[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). Instead, "[a]n indictment adequately charges an offense if it (1) includes the elements of the offense intended to be charged, (2) notifies the defendant of 'what he must be prepared to meet,' and (3) allows the defendant to invoke a former conviction or acquittal in the event of a subsequent prosecution." *United States v. Cor–Bon Custom Bullet Co.*, 287 F.3d 576, 579 (6th Cir. 2002) (citing *Russell v. United States*, 369 U.S. 749, 763–64, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962)). The United States has met that burden here, and the Evans Defendants' Motion to Dismiss is DENIED on this point.

The Evans Defendants also argue that they cannot be, as a matter of law, convicted of wire fraud because the purported victim was not subject to any actual or potential harm. Stated differently, Defendants argue that because the contracts were performed, the City and the other governmental entities received the benefit of their bargain. Defendant Bailey joins the Evans Defendants' Motion to Dismiss on this point.

Defendants rely heavily on the *United States v. Davis*, No. 13-cr-929, 2017 U.S. Dist. LEXIS 122643 (S.D.N.Y., Aug. 3, 2017). Defendants argue that the facts of *Davis* are nearly identical to the facts in the instant case. However, even if the facts of the two cases are similar, the procedural posture is not. In *Davis*, the court addressed the credibility of certain key

witnesses, considered a party stipulation that a violation of the Port Authority policies and guidelines was not a crime and lastly, the Port Authority bidding requirements were, in fact, waivable. As stated above, at the motion to dismiss stage, this Court does not evaluate the evidence but rather determines the constitutional sufficiency of the Indictment. In *Davis*, the court's review occurred at the post-verdict, Rule 29 stage.

To determine the sufficiency of the Indictment in this case, the Court begins its analysis with *McNally v. United States*, 483 U.S. 350 (1987), wherein the Supreme Court held that mail and wire fraud statutes were limited to money and property rights, and did not apply to "intangible rights" of the citizenry to good government. *Id.* at 356. Later, in a case involving an application for a Louisiana video poker license, the Supreme Court, following *McNally*, re-affirmed that wire fraud violations were limited to the protection of property rights. *Cleveland v. United States,* 121 S.Ct. 365, 370 (2000). The Court found the Louisiana video poker licenses to be regulatory, and thus not a property interest. The Court explained that "[e]quating issuance of licenses or permits with deprivation of property would subject to federal mail fraud prosecution a wide range of conduct traditionally regulated by state and local authorities." *Id.* at 368.

In the case at hand, the United States argues that Defendants interfered with the victim's tangible property rights when they obtained money from the government through DBE programs. The Sixth Circuit has yet to address this specific issue. However, other circuits have found that DBE fraud claims, as alleged in this case, are proper. *See*, *e.g.*, *United States v. Barker Steel*, 985 F.2d 1123 (1st Cir. 1993); *United States v. Tulio*, 263 Fed.Appx. 258 (3rd Cir. 2008); *United States v. Bunn*, 26 Fed.Appx. 139 (4th Cir. 2001), *United States v. Harris*, 821 F.3d 589 (5th Cir. 2016).

In *United States v. Leahy*, 464 F.3d 773 (7th Cir. 2007), the Seventh Circuit reviewed the elements of wire fraud and requisite harm in a case involving a factual scenario similar to this case. The City of Chicago enacted an ordinance to grant an advantage to businesses owned by minorities and women in the award of city contract money. *Id*. at 778. The defendant made his mother the sole shareholder of a company, but his mother had no real involvement in the company. *Id*. at 779. Instead, the defendant retained control of the business. *Id*. The defendant also made his mother the part owner of another company, along with a long-time friend, who was black. *Id*. This second company was a shell company which the defendant also controlled. *Id*. The companies obtained WBE and MBE certifications which allowed the companies to win lucrative contracts with the city. *Id*. at 780. The indictment charged that the defendant, along with his co-defendants, committed wire fraud under 18 U.S.C. § 1343. *Id*. at 786. The defendants argued that the indictment did not allege a deprivation or money or property because the companies fulfilled their obligations under the relevant contracts. *Id*. at 787.

The Seventh Circuit started its analysis by explaining: "Despite the defendants' contortions to squeeze this case into the intangible rights category, we cannot agree that it is such a case." *Id*. The court distinguished the case from the Supreme Court decisions in *McNally* and *Cleveland*:

> In our case . . . the scheme precisely and directly targeted Chicago's coffers and its position as a contracting party. As opposed to the situation in *Cleveland,* the indictment here alleges a plot with an aim different from obtaining licenses or certifications. *Cleveland* addresses a situation in which a defendant commits fraud against a governmental body only acting as regulator; here the fraud was committed both against Chicago as regulator and also against the city as property holder. The certifications were necessary steps, but they were not the object of the long-ranging fraud. That object was money, plain and simple, taken under false pretenses from the city in its role as a purchaser of services.

*Id.* at 788. The Seventh Circuit concluded that the indictment alleged each element required for wire fraud. *Id*. at 788.

Similarly, in the case at bar, the Indictment alleges a scheme to intentionally defraud the City of Cincinnati of money by using false pretenses to obtain contracts. Accordingly, the Motion to Dismiss by Defendants Evans Landscaping, Inc. and Doug Evans (Doc. 29); and the Motion to Dismiss by Defendant Jim Bailey (Doc. 28) are **DENIED**.

**IT IS SO ORDERED**.

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett
                                                  United States District Judge