**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,

       Plaintiff,                      Case No.  1:17cr053

       v.                          Judge Michael R. Barrett

Evans Landscaping, Inc., *et al.*,

       Defendants.

## OPINION & ORDER

This matter came on for consideration of Defendants Doug Evans and Evans Landscaping, Inc.'s Motion to Suppress All Evidence Seized Pursuant to Search Warrants Executed by the Government on September 11, 2014, July 7,2015 and April 28, 2017 (Doc. 45); Defendant Jim Bailey's Motion to Suppress all Evidence Seized Pursuant to Search Warrants Executed by the Government on September 11, 2014, July 7, 2015 and April 28, 2017 (Doc. 46); the Government's Consolidated Response to Defendants' Motions to Suppress (Doc. 49); and the Defendants' Reply to the Government's Consolidated Response to Defendants' Motions to Suppress (Doc. 54).  A hearing was held on these motions on October 5, 2018.

## I.    BACKGROUND

The United States has brought six counts against Defendants based on an alleged scheme to use a fraudulent shell company, Ergon Site Construction LLC, to defraud various governmental contract programs intended for disadvantaged business enterprises under the State of Ohio's Encouraging Diversity, Growth and Equity program.  Counts One and Two charge Evans Landscaping, Evans and Bailey with Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 1349; Counts Three through Five charge Evans Landscaping, Evans and Bailey with Wire Fraud

in violation of 18 U.S.C. § 1343; and Count Six charges Evans and Bailey with Misprision of a Felony in violation of 18 U.S.C. § 4.

In their Motions to Suppress, Defendants seek to suppress the evidence obtained as the result of four search warrants: (1) the search of Google account records associated with bouttitdog@gmail.com executed on September 11, 2014; (2) search of 3700 Round Bottom Road on July 7, 2015; (3) search of 4229 Round Bottom Road on July 7, 2015; and (4) and search of Apple account records associated with devanslandscaping.com executed on April 28, 2017.

Defendants argue the searches of the physical locations must be suppressed because the search warrant did not contain the description of the places to be searched or the items to be seized. Defendants argue that the electronic searches were overly broad.[1]

## II.   ANALYSIS

The Fourth Amendment prohibits "unreasonable searches and seizures" and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend IV.   "To address violations of the Fourth Amendment, the Supreme Court established "'an exclusionary rule that, when applicable, forbids the use of improperly obtained evidence at trial.'"  *United States v. Buford*, 632 F.3d 264, 270 (6th Cir. 2011) (quoting *Herring v. United States*, 555 U.S. 135, 129 S.Ct. 695, 699, 172 L.Ed.2d 496 (2009)).

### A.  Searches of physical locations

---

[1]In a footnote, Defendants explain that the search of the Apple account produced privileged communications between the Evans Defendants and Tony Muto, Evans Landscaping's in-house counsel at the time.  However, the Court conducted an in camera proceeding on October 19, 2018 with the United States "taint team" counsel.  The Court instructed the United States Attorney's Office which documents were protected by the attorney-client privilege and thus remain sealed and which documents were not and could be disseminated to the trial team.

As to the search of the physical locations (3700 Round Bottom Road and 4229 Round Bottom Road), Defendants argue that the failure to attach descriptions of the two locations and the items to be seized is a fatal flaw. Defendants maintain that the warrants were constitutionally defective on their face because they lack particularity.

"The chief purpose of the particularity requirement [is] to prevent general searches by requiring a neutral judicial officer to cabin the scope of the search to those areas and items for which there exists probable cause that a crime has been committed." *Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 441 (6th Cir. 2006). Here, it is clear from the record that the attachments describing the property to be searched and the items to be seized were affixed to materials supplied to and reviewed by the Magistrate Judge who issued the warrant. (Gov't Exs. 1, 2). The packet submitted to the Magistrate Judge for 4229 Round Bottom Road (Gov't Ex. 1) contains the Warrant itself, as well as the Application for Search Warrant. This Application, reviewed by the Magistrate Judge, contained the Affidavit in support of probable cause, a description of the premises to be searched (Attachment A) and the items to be seized (Attachment B). The Affidavit is signed by FBI Special Agent Matthew DeBlauw and the Magistrate Judge. The same is true for materials submitted to the Magistrate Judge for 3700 Round Bottom Road. (Gov't Ex. 2). Therefore, the documents apprised the Magistrate Judge of the places to be searched and the items to be seized. However, Attachments A and B to the Application for the Warrants were not affixed to the copies of the Warrants used to execute the search.

In *Groh v. Ramirez*, the Supreme Court held that when a "warrant did not describe the items to be seized at all," it "was so obviously deficient that we must regard the search as 'warrantless.'" 540 U.S. 551, 558, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004). The Court rejected the argument that an affidavit of probable cause, presented to the magistrate judge and then filed

under seal, could save the warrant's validity: "The fact that the application adequately described the 'things to be seized' does not save the warrant from its facial invalidity. The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents." 540 U.S. at 557, 124 S.Ct. 1284. The Court explained the "'presence of a search warrant serves a high function,' and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection." 540 U.S. at 557, 124 S.Ct. 1284 (internal citation omitted) (quoting *McDonald v. United States*, 335 U.S. 451, 455, 69 S. Ct. 191, 193, 93 L. Ed. 153 (1948)).

However, the warrant in *Groh* not only failed to describe the items to be seized, but also failed to incorporate any document by reference. 540 U.S. at 558, 124 S.Ct. 1284. The Court explained:

> We do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant.

540 U.S. at 557–58, 124 S.Ct. 1284.

The Sixth Circuit is among those Courts of Appeal which have approved the use of incorporated documents to satisfy the particularity requirement. The Sixth Circuit has held that "[t]he particularity requirement may be satisfied through the express incorporation or cross-referencing of a supporting affidavit that describes the items to be seized, even though the search warrant contains no such description." *United States v. Richards*, 659 F.3d 527, 537 (6th Cir. 2011) (citing *Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 439-40 (6th Cir. 2006)).

4

In *Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco and Firearms*, the Sixth Circuit emphasized that "[w]hat doomed the warrant in *Groh* was not the existence of a supporting affidavit that particularly described the items to be seized, but the failure of the warrant to cross-reference the affidavit at all." 452 F.3d 433, 439 (6th Cir. 2006). The Sixth Circuit explained "[w]ithout something on the face of the warrant indicating the particulars of the items to be seized or incorporating a document that described those particulars, the Court reasoned that it could not 'know whether the Magistrate was aware of the scope of the search he was authorizing.'" *Id*. at 442 (quoting *Groh*, 540 U.S. at 561 n. 4, 124 S.Ct. 1284)). In contrast, the Sixth Circuit explained that the warrant in the case before it did not suffer from the same defect:

> The officers presented two documents to the magistrate: a one-page "Search Warrant" and a ten-page "Application and Affidavit for Search Warrant." The one-page "Search Warrant" was a form document filled out by agent Johnson that contained blank spaces for the magistrate (1) to approve and sign the warrant, (2) to state the date and time when the magistrate approved the warrant and (3) to limit the time within which the agents had authority to execute the warrant. At the location on the form for identifying the items to be seized, agent Johnson referred to an attached affidavit ("See Attached Affidavit"), which identified the items that the agents sought permission to seize. On appeal, no one disputes that the affidavit specifically described the items that the agents sought to find and seize. And no one disputes that agent Johnson presented both the warrant and the affidavit to the magistrate, as he independently signed each of them.

*Id*. at 439 (internal citations omitted).

The Court finds the warrants in this case indistinguishable from the warrant in *Baranski*. The Magistrate Judge filled out one-page search warrants which were approved by her signature. The warrants stated the date and time at which they were approved and limited the search times. The warrants reference Attachment A (property to be searched) and Attachment B (the items to be seized) as contained in the Application. FBI Special Agent Matthew DeBlauw testified at the hearing that he had copies of the Attachments A and B with him when he executed the search warrant. Agent DeBlauw testified he used Attachment B in describing to Defendant Evans and

his counsel the items for which agents were searching. This conversation led to a consent to search 4320 Mount Carmel Road which was signed by Defendant Evans. (Gov't Ex. 3). In addition to testifying that Attachments A and B were present at the scene, Agent DeBlauw testified that it was his normal practice was to leave a copy of the warrant attachments with the property owner or persons present at the scene. However, Agent DeBlauw testified that he could not specifically recall whether copies of the attachments were left in this instance.

By signing both the warrants and the affidavits, the Magistrate Judge demonstrated both that the Magistrate Judge approved the search with reference to the affidavit, and she that had the opportunity to limit the scope of the search. *See Baranski*, 515 F.3d at 860 (distinguishing *Groh* on the basis that it was unascertainable whether the magistrate was aware of the scope of the authorized search). Therefore, the warrants in this case are distinguishable from the warrant in *Groh*, which failed to make any reference to the affidavit at all. The only remaining issue is whether the warrants used "appropriate words of incorporation" sufficient to incorporate the list of items to be seized. *Groh*, 540 U.S. at 557–58, 124 S.Ct. 1284.

The Sixth Circuit found that the reference to attachments does provide sufficient incorporation:

> "Incorporation" of one thing into another need not be by express "reference." *Cf. Northrop Grumman Info. Tech., Inc. v. United States,* 535 F.3d 1339, 1346 (Fed. Cir. 2008) (no "magic words" needed to incorporate one document into another); *Resolution Trust Corp. v. Fed. Sav. and Loan Ins. Corp.,* 25 F.3d 1493, 1499 (10th Cir. 1994) ("Phrases such as 'incorporated by reference' are not talismanic, without which we do not consider additional necessary documents that effectuate the parties' agreement.").

> Here, the first paragraph of Attachment B gave sufficient direction when it referred to "the below listed patients" and "the following patients." Any patient list presented to the issuing Magistrate Judge thus was effectively incorporated into the search warrants. If the record otherwise shows that the government seized patient files according to the list, if any, presented to the issuing Magistrate Judge, a lack

of formal incorporation by reference into the warrants does not justify a finding of facial insufficiency.

*United States v. Lazar*, 604 F.3d 230, 235 (6th Cir. 2010).

The warrants reference Attachments A and B, and therefore the descriptions are incorporated into the warrants. Attachments A and B were present at the search and Defendant Evans was advised of the sought-after items as part of the discussion with agents related to his consent to search the third building at 4320 Mount Carmel Road. Moreover, Agent DeBlauw signed the warrant affidavits and was present during the search. The Sixth Circuit "has previously upheld searches conducted pursuant to warrants listing incorrect addresses or property descriptions in part because the police officers involved in executing the search had also served as affiants or were otherwise familiar with the location to be searched." *United States v. Abdalla*, 327 F. Supp. 3d 1079 (M.D. Tenn. 2018) (citing *Knott v. Sullivan*, 418 F.3d 561, 569 (6th Cir. 2005)). Therefore, based upon all the foregoing, the Court concludes that Defendants' motions are DENIED as to the searches of 3700 Round Bottom Road and 4229 Round Bottom Road on July 7, 2015.

## B.  Electronic searches

Defendants also challenge the search of certain Google and Apple accounts. Defendants lack standing to challenge the search of the Google email account, bouttidog@gmail.com. This account belongs to an individual other than Defendants and therefore, Defendants have no legitimate expectation of privacy for these records. *Accord United States v. Gonzalez,* 560 F. App'x 554, 558 (6th Cir. 2014) (holding that defendant failed to satisfy his burden of showing an actual, subjective expectation of privacy in text messages retrieved from another individual's phone).

Defendants object to the search of the Apple account as being overbroad because it did not contain time limitations. Defendants explain that the affidavit in support of the search warrant states that the alleged criminal activity was took place between 2008 and 2014. Defendants argue that the probable cause outlined in the affidavit was necessarily limited to this time period.

The "[f]ailure to limit broad descriptive terms by relevant dates, when such dates are available to the police, will render a warrant overbroad." *United States v. Abboud*, 438 F.3d 554, 576 (6th Cir. 2006) (citing *United States v. Ford*, 184 F.3d 566, 576 (6th Cir. 1999)). At the same time, is "well-established that a search warrant can properly permit the Government to obtain access to electronic information for purposes of a search even where the probable cause showing does not apply to the entirety of the electronic information that is disclosed to the Government." *In the Matter of a Warrant for All Content & Other Info. Associated with the Email Account xxxxxxx@gmail.com Maintained at Premises Controlled By Google, Inc*., 33 F. Supp. 3d 386, 393 (S.D.N.Y. 2014), as amended (Aug. 7, 2014). As such, federal courts have "upheld the Government's ability to obtain the entire contents of the email account to determine which particular emails come within the search warrant." *In the Matter of a Warrant for All Content & Other Info. Associated with the Email Account xxxxxxx gmail.com Maintained at Premises Controlled By Google, Inc*., 33 F. Supp. 3d 386, 394 (S.D.N.Y. 2014) (collecting cases); *see also United States v. Evers*, 669 F.3d 645, 652 (6th Cir. 2012) ("The federal courts are in agreement that a warrant authorizing the seizure of a defendant's home computer equipment and digital media for a subsequent off-site electronic search is not unreasonable or overbroad, as long as the probable-cause showing in the warrant application and affidavit demonstrate a sufficient chance of finding some needles in the computer haystack.").

Federal Rule of Criminal Procedure 41 specifically contemplates this two-step process because "[c]omputers and other electronic storage media commonly contain such large amounts of information that it is often impractical for law enforcement to review all of the information during execution of the warrant at the search location." Fed. R. Crim. P. 41(e) advisory committee's note to 2009 amendment. In addition, as one federal court has explained: "Enlisting a service provider to execute the search warrant could also present nettlesome problems. . . . it would be unworkable and impractical to order Apple to cull the e-mails and related records in order to find evidence that is relevant to the government's investigation." *Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc*., 13 F. Supp. 3d 157, 165 (D.D.C. 2014); *but see In the Matter of a Warrant for All Content & Other Info. Associated with the Email Account xxxxxxx gmail.com Maintained at Premises Controlled By Google, Inc*., 33 F. Supp. 3d 386, 394 (S.D.N.Y. 2014), as amended (Aug. 7, 2014) ("There might be some force to requiring an email host to cull emails from an email account where a limitation in the scope of the items to be seized would allow the email host to produce responsive material in a manner devoid of the exercise of skill or discretion, for example, under a warrant requiring disclosure of all emails from a particular time period.").

The Court concludes that under the circumstances, the lack of a temporal limitation is not fatal to the search warrant. The affidavit in support of the search warrant lists nine specific categories of information sought. These are not broad descriptive terms. In general, "[s]o long as the computer search is limited to a search for evidence explicitly authorized in the warrant, it is reasonable for the executing officers to open the various types of files located in the computer's hard drive in order to determine whether they contain such evidence." *United States v. Richards*, 659 F.3d 527, 540 (6th Cir. 2011) (quoting *United States v. Roberts*, No. 3:08–CR–175, 2010 WL

234719, at *15 (E.D.Tenn. Jan. 14, 2010)).  Moreover, "[i]nfirmity due to overbreadth does not doom the entire warrant; rather, it requires the suppression of evidence seized pursuant to that part of the warrant ..., but does not require the suppression of anything described in the valid portions of the warrant...."  *United States v. Richards*, 659 F.3d 527, 537 (6th Cir. 2011) (quoting *United States v. Greene*, 250 F.3d 471, 477 (6th Cir. 2001)).

Therefore, to the extent Defendants' Motions to Suppress challenges the electronic searches, the Motions are DENIED.

## III.  <u>CONCLUSION</u>

Defendants Doug Evans and Evans Landscaping, Inc.'s Motion to Suppress All Evidence Seized Pursuant to Search Warrants Executed by the Government on September 11, 2014, July 7,2015 and April 28, 2017 (Doc. 45) and Defendant Jim Bailey's Motion to Suppress all Evidence Seized Pursuant to Search Warrants Executed by the Government on September 11, 2014, July 7, 2015 and April 28, 2017 (Doc. 46) are **DENIED**.

**IT IS SO ORDERED.**

_____*/s/ Michael R. Barrett*_____
Michael R. Barrett, Judge
United States District Court